**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | | |
|---|---|---|---|
| **In Re:** | ) | **Case No:** | **20-81450** |
| | ) | | |
| **David R. Faccone,** | ) | **Chapter:** | **Chapter 7** |
| | ) | | |
| **Debtor.** | ) | **Judge:** | **Hon. Thomas M. Lynch** |

### NOTICE OF OBJECTION TO CLAIM OF EXEMPTIONS

**TO:**    See attached list

PLEASE TAKE NOTICE that on November 4, 2020 at 11.00 a.m., I will appear before the Honorable Thomas M. Lynch, or any judge sitting in that judge's place, and present the Objection to Claim of Exemptions, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link:  https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and password.

**Meeting ID and password.**  The meeting ID for this hearing is 160 291 5226 and the password is 852255.  The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

|  |  |
|---|---|
| **By:** | */s/ Nathan E. Curtis* |
| | Nathan E. Curtis |
| | Geraci Law L.L.C. |
| | 55 E. Monroe Street #3400 |
| | Chicago, Illinois 60603 |
| | 312.499.6201 |
| | nat@geracilaw.com |

## **CERTIFICATE OF SERVICE**

I, Nathan E. Curtis, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on October 5, 2020**.**

## **LIST OF PARTIES SERVED**

**Via ECF:**

John E. Gierum, Attorney for Debtor

Trustee Bernard Natale

Office of the U.S. Trustee

**Via U.S. Postal Service**

David R. Faccone, 4915 Terra Cotta Road; Crystal Lake, IL 60012

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | | |
|---|---|---|---|
| In Re: | ) | Case No. | 20-81450 |
| | ) | | |
| David R. Faccone, | ) | Chapter: | Chapter 7 |
| | ) | | |
| Debtor. | ) | Judge: | Hon. Thomas M. Lynch |

### OBJECTION TO CLAIM OF EXEMPTIONS

NOW COMES Doris M. Geraci, by her attorneys, Geraci Law L.L.C., and objects to the claims of exemption of the Debtor David R. Faccone in the following described property for the following reasons:

1. The Debtor lists on Schedule A/B, Line 21, his ownership interest in an IRA with American Funds valued at $26,707.13.

2. The Debtor claimed an exemption on Schedule C in said IRA in the amount of $26,707.13 under 735 ILCS 5/12-1006.

3. The Debtor lists on Schedule A/B, Line 21, his ownership interest in an IRA with Jackson National valued at $256,229.30.

4. The Debtor claimed an exemption on Schedule C in said IRA in the amount of $256,229.30 under 735 ILCS 5/12-1006.

5. The Debtor lists on Schedule A/B, Line 21, his ownership interest in an IRA with Jackson National valued at $137,368.70.

6. The Debtor claimed an exemption on Schedule C in said IRA in the amount of $137,368.70 under 735 ILCS 5/12-1006.

7. On Sept. 29, 2020, the Debtor testified at his Section 341 meeting that he inherited all three IRA accounts from his late mother, Rosemary Faccone.

8. Inherited IRAs may not be claimed exempt from creditors, since they do not qualify as "IRS qualified retirement plans", so the exemptions debtor claims for these IRAs are invalid. The Supreme Court held in *Clark v. Rameker*, 134 S.Ct. 2242 (2014), that in order for an inherited IRA to be exempt under section 522(b)(3)(C) it must have two qualities: The funds must be "retirement funds," and they must be held in a tax-exempt account under the Internal Revenue Code. The Court considered three factors in determining that the account at issue was not a retirement account.

**First.** The debtor could not contribute her own funds to the account.

**Second:** The debtor was required to withdraw all the funds within five years or take minimum required distributions.

**Third:** The debtor could withdraw the funds without penalty.

Because of these three factors, the Court concluded that those accounts were not "IRS qualified", they so could not be exempted under section 522(b)(3)(C). Unless debtor can show that these factors do not exist, he does not have "IRS" qualified IRAs as required by the Illinois statute.

9. Since the Faccone-inherited IRAs have all three disqualifying qualities, as opposed to a genuine Illinois exempt plan, the Illinois exemption, which has the "IRS qualified" requirement, may not be claimed because they are inherited non-IRS qualified IRAs. The Illinois exemption requires the same as 522(b)(3)(C) in order to qualify:

Sec.12-1006. Exemption for retirement plans.
(a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts **if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986,** (emphasis added)

(c) A retirement plan that is **(i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986**, as now or hereafter amended, or (ii) a public employee pension plan created under the Illinois Pension Code, as now

2

or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois. (emphasis added).

WHEREFORE, Doris M. Geraci objects to the Debtor's claims of exemption in the IRA accounts listed above.

By:   */s/ Nathan E. Curtis*
      Nathan E. Curtis

Geraci Law L.L.C.
55 E. Monroe St. # 3400
Chicago, IL 60603
312-499-6201
nat@geracilaw.com

3